[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from a judgment entered by the Champaign County Municipal Court. Appellant, Edwin T. Winkler, III, was charged with a speeding violation for driving forty-nine miles per hour a thirty-five mile per hour zone and was found guilty in Mechanicsburg, Ohio, Mayor's court on February 26, 1998. He appealed this decision to the Municipal Court of Champaign County and was again found guilty of the speeding violation. Winkler takes this appeal asserting two assignments of error.
ASSIGNMENT OF ERROR NO. I
 THE MUNICIPAL COURT ERRED BY FINDING THE DEFENDANT GUILTY OF SPEEDING WHEN EXCEEDING THE SPEED LIMIT IS ONLY PRIMA-FACIE EVIDENCE OF CRIMINAL CONDUCT.
 ASSIGNMENT OF ERROR NO. II
 THE OFFICER DID NOT HAVE PROPER JURISDICTION WHEN HE CLOCKED THE DEFENDANT[']S SPEED.
On December 21, 1997, at 5:30 a.m., Winkler was stopped by a Village of Mechanicsburg police officer for a speeding violation pursuant to Code Section 434.03 of the Village of Mechanicsburg Ordinances. Appellant was clocked by stationary radar as driving forty-nine miles per hour in a thirty-five mile per hour zone. Winkler does not dispute the fact he was driving forty-nine miles per hour, but rather asserts that in light of the driving conditions at the time he was clocked for speeding—wide road, dry pavement, night time, and no other traffic—the Village failed to meet its burden of proof.
Section 434.03 of the Village of Mechanicsburg Traffic Code provides:
 (a) No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.
 (b) It is prima facie lawful * * * for the operator of a motor vehicle to operate the same at a speed not exceeding the following,
* * *
 (4) Thirty five miles per hour on all State routes or through streets and through highways within the Municipality outside business districts, except as provided in paragraph (b)(5) hereof.
In State v. Shuler (March 16, 1998), Fairfield App. No. 97-CA-62, unreported, the court stated:
 Under Subsection C of R.C. 4511.21, traveling in excess of a posted, or otherwise specified speed limit, establishes only a prima facie case of speed, and not unlawful conduct per se. Cleveland v. Keah (1952), 157 Ohio St. 331, 105 N.E.2d 402, paragraph one of the syllabus. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption, which may be overcome by evidence showing that in the circumstances, the speed was neither excessive nor unreasonable. Id. What is reasonable and proper under the circumstances is a question of fact * * *.
Winkler's first assignment of error relates to the prima facie evidence of speeding. A prima facie case of speeding is established when the State proves the vehicle was traveling in excess of the speed limit. A prima facie case means that the State is presumed to have proved all of the elements of the offense. This presumption is a rebuttable presumption which means the appellant can introduce evidence to show that the speed was neither excessive nor unreasonable.
Appellant did introduce testimony to rebut the presumption. Winkler testified that he was stopped at 5:30 a.m. on a Sunday morning. The road he was traveling on was wide and the pavement was dry. In addition, no other traffic was present. Winkler asserts, therefore, that he was driving under optimum driving conditions and that exceeding the speed limit in this case was neither excessive nor unreasonable under the circumstances. However, as the Shuler case states, what is reasonable and proper under the circumstances is a question of fact. A question of fact is always a question for the lower court to decide. The only reason a lower court's decision on an issue of fact would be overturned by a higher court would be if the decision was against the manifest weight of the evidence. Judgments supported by some competent, credible evidence going to all the elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Masitto v. Masitto (1986),22 Ohio St.3d 63, 66. We are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
It was the lower court's duty to decide whether driving forty-nine miles per hour in a thirty-five mile per hour zone at this time and place was reasonable and proper. The lower court found that the speed was not proper and therefore found the defendant guilty. The record shows that after defendant had made his closing statement, the trial court discussed several of the points he had raised and said why, in its view, the reasons did not rebut the presumption of excessive speed.
The trial court's decision was not against the manifest weight of the evidence. Winkler's first assignment of error is overruled.
Appellant's second assignment of error relates to the authority of the officer who clocked the appellant's speed. Officer Schipke testified that he was about one car's length beyond the village limits when he caught appellant on his radar. He testified that both the offense and the citation took place within the village limits. Winkler contested this testimony, but again the location of the violation and of the citation were questions of fact for the lower court to decide. The lower court found that, wherever the police officer was when he observed the violation, the violation and the citation occurred within the village limits. This decision was not against the manifest weight of the evidence.
Appellant's second assignment of error is overruled.
Both of the appellant's assignments of error having been overruled, the judgment of the trial court will be affirmed.
MILLIGAN, J. and GRADY, P.J., concur.
Hon. Lawrence Grey, Retired from the Court of Appeals, Fourth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio
Copies mailed to:
G. S. Weithman
Edward T. Winkler
Hon. Susan Fornof-Lippencot